PROVIDENCE HOSPITAL, Appellant,

v.

GROUP HOSPITALIZATION,
INC., Appellee.

No. 84–279.

District of Columbia Court of Appeals.

Argued Dec. 19, 1984.

Decided Jan. 10, 1985.*

Ross O'Donoghue, Washington, D.C., for appellant.

Charles J. Steele, Washington, D.C., with whom Thomas F. Fitzgerald, Chevy Chase, Md., was on the brief for appellee.

Before NEWMAN, TERRY and ROGERS, Associate Judges.

PER CURIAM:

Providence appeals after Group Hospitalization, Inc. (GHI) was granted summary judgment on their cross motions. They contend that the benefit reimbursement provision contained in their provider contract with GHI should be "interpreted" by the court.

 The wording of the provision is clear and unambiguous; thus it need not be redefined or interpreted. *See* 1 A. CORBIN, CORBIN ON CONTRACTS §§ 9, 95 (1963). *See also Reliable Construction & Realty Co., Inc. v. Waterproofing Service, Inc.,* 34 A.2d 124 (D.C.1943); *Lee v. Flintkote Co.,* 193 U.S.App.D.C. 121, 128, 593 F.2d 1275, 1282 (1979). Whereas the literal import of the provision bars any recovery by Providence, we affirm.

The parties' contract provides that GHI will pay the hospital for the services it renders to GHI subscribers based upon the hospital's usual charges for the services rendered, or upon the "costs" incurred by the hospital in rendering said services, whichever is lower. The term "costs" does not mean either Providence's total or actual costs. It means "costs" as defined by the

* Disposition of this case was originally by an unpublished opinion. The court has granted Group Hospitalization Inc.'s motion to publish.

**640**

Hospital Cost Manual [1] which is expressly incorporated by reference in the contract.

It is the Hospital Cost Manual's "offset provision" which Providence maintains is being erroneously employed in the computation of its reimbursement allowance. The offset provision deals with the interest which a hospital pays on long term debt. It treats interest expense as an allowable cost (which means that it is a cost for which the hospital will be reimbursed) but only after certain income is deducted from, or offset against, the interest expense. The provision allows reimbursement for: "Interest paid on long term debt, whether secured or unsecured, after first deducting the following: (a) free endowment fund income, and (b) net earnings realized from capital assets other than those used by the hospital in rendering hospital services."

Providence includes a charge in its hospital services to cover the depreciation of its facilities. These funds are maintained in a segregated account and are eventually withdrawn and used to render hospital services as contemplated by the offset provision. However, until that time, the interest earned on this account is deducted from the hospital's interest expense reimbursement.

Providence knew that the provision was included in the contract when it initially entered into this provider arrangement in 1961. It knew that the provision was being exercised several years prior to the institution of this suit and it realized the literal import of its black-letter application, then and now. However, now that its interest expense has reached six figures, it urges the court to give it a "more reasonable" interpretation of the contract. This position is groundless. *Reliable Construction, supra.*

There being no fundamental infirmity in the bargaining or drafting phases of the contract, we cannot now reform the parties' agreement because of changed circum-

stances which now make the arrangement fiscally unattractive to one party. *See* 1 A. CORBIN, *supra.*

*Affirmed*

---

1. The *Hospital Cost Manual* is a procedural guidebook drafted and used by local medical care providers and their representatives.